```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-10-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

       v.                              :

ILYA MAGID,                       :

             Defendant.             :

- - - - - - - - - - - - - - - - - - -x

INFORMATION

S4 11 Cr. 632 (RMB)

## COUNT ONE

The United States Attorney charges:

1. From in or about 2008 through in or about July 2011, in the Southern District of New York and elsewhere, ILYA MAGID, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together to violate Title 18, United States Code, Section 1344.

2. It was a part and an object of the conspiracy that ILYA MAGID, the defendant, and others, willfully and knowingly would and did execute a scheme and artifice to defraud financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

The United States Attorney further charges:

4. From at least in or about 2008, up through and including in or about July 2011, in the Southern District of New York and elsewhere, ILYA MAGID, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations and promises, to wit, MAGID participated in a scheme to cash third-party checks written to fraudulent payees, which were then fraudulently endorsed, knowing that they would be negotiated by a financial institution.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT THREE

The United States Attorney further charges:

5. From in or about 2008 through in or about July 2011, in the Southern District of New York and elsewhere ILYA MAGID, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate the currency reporting laws of the United States.

### The Currency Reporting Requirements

6.   At all times relevant to this Information:

a.   Financial institutions within the United States were required by law to file a Currency Transaction Report ("CTR") with the Internal Revenue Service ("IRS") with regard to every transaction in currency in excess of $10,000 in which they were involved.

b.   The financial institutions were required to include on the CTR the name, address, and social security number of the customer making the transaction, as well as information concerning the nature of the transaction. CTRs were intended to reveal the identity of both the person who conducted the transaction and the person for whom the transaction was conducted.

c.   It is unlawful to "structure" a transaction in currency for the purpose of evading the requirement that a financial institution file a CTR with the Government. "Structuring" includes the practice of subdividing an amount of currency in excess of $10,000 into amounts of $10,000 or less and then conducting separate transactions in currency to evade the requirement of filing a CTR.

### The Objects of the Conspiracy

7.   It was a part and object of the conspiracy that ILYA MAGID, the defendant, and his co-conspirators, willfully and knowingly, and for the purpose of evading the reporting

3

requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed under that section, would and did structure and assist in structuring, and attempt to structure and assist in structuring, transactions with one and more domestic financial institutions in order to evade the required filing of a CTR, while violating other laws of the United States, in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(3).

        8. It was a further part and object of the conspiracy that ILYA MAGID, the defendant, and his co-conspirators, willfully and knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed under that section, would and did cause and attempt to cause a domestic financial institution, to wit, various check cashing institutions, to file reports required under Title 31, United States Code, Section 5313(a) and the regulations prescribed under that section, that contained material omissions and misstatements of fact, in violation of Title 31, United States Code, Section 5324(a)(2).

Overt Act

        9. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt act, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about June 5, 2011, ILYA MAGID, the

defendant, met with a cooperating witness ("CW") and a co-conspirator not charged herein ("CC-1"), and discussed evading the Currency Transaction Report filing requirement for cashing checks worth over $10,000.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

10.  As a result of committing the offenses alleged in Counts One, Two and Three of this Information, ILYA MAGID, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the conspiracy to commit bank fraud, bank fraud, and conspiracy to evade reporting requirements.

11.  As a result of committing the offense alleged in Count Three of this Information, ILYA MAGID, the defendant, shall forfeit to the United States pursuant 31 U.S.C. § 5317(c)(1)(A), all property, real or personal, involved in the offense and any property traceable thereto.

## Substitute Asset Provision

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has be substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461, Title 31, United States Code, Section 5317.)

*Preet Bharara*

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**ILYA MAGID,**

Defendant.

### INFORMATION

S4 11 Cr. 632 (RMB)

(Title 18 United States Code,
Sections 1344, 1349, 371.

<u>PREET BHARARA</u>
United States Attorney.

4/10/12 - Filed superseding information.
Filed Waiver of Indictment.

J. Francis
U.S.M.J.